UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-0252 (WMW/HB) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Elizabeth Reeves Sporleder (2), | |
| Defendant. | |

---

Before the Court is Defendant Elizabeth Reeves Sporleder's motion for medical furlough. (Dkt. 310.) Plaintiff United States of America does not oppose Sporleder's motion.

Sporleder's detention pending sentencing is mandatory under the Mandatory Detention Act. *See* 18 U.S.C. § 3143(a)(2). A defendant must demonstrate "exceptional reasons" that warrant release from custody under the Mandatory Detention Act. *See* 18 U.S.C. § 3145(c); *accord United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (per curiam) (recognizing that "exceptional" reasons that might warrant release under Section 3145(c) are reasons "clearly out of the ordinary, uncommon, or rare" (internal quotation marks omitted)). A defendant must also make a clear showing that the defendant is not likely to flee or pose a danger to the safety of any person or the community. *See United States v. Mitchell*, No. 20-CR-0100 (WMW/KMM), 2021 WL 165116, at *2 (D. Minn. Jan. 19, 2021) (citing 18 U.S.C. § 3145(c)).

The Court has carefully reviewed Sporleder's motion and the record in this case. Sporleder was found unresponsive in her cell on May 3, 2022. She was transported to a hospital and is currently in the intensive care unit. These circumstances are extraordinary and warrant release on furlough.[1] Given Sporleder's current condition, the Court concludes that she is not likely to flee or pose a danger to the safety of any person or the community.

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Elizabeth Reeves Sporleder's motion for medical furlough, (Dkt. 310), is **GRANTED**.

2. Defendant Elizabeth Reeves Sporleder's medical furlough will continue for the duration of her medical treatment at the hospital. Once Sporleder's treatment concludes, she will be remanded to the custody of the United States Marshals.

Dated: May 5, 2022

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge

---

[1] The authority to grant medical furloughs is typically vested in the Bureau of Prisons (BOP). *See United States v. Premachandra*, 78 F.3d 589 (8th Cir. 1996). But *Premachandra* is distinguishable because Sporleder has not yet been sentenced and is not in the custody of the BOP.